## OSCHNER v. CHENOWETH.

No. 1585. ·Opinion Filed February 6, 1912.

(120 Pac. 657.)

**APPEAL AND ERROR**—Review—Questions of Fact. When an issue of fact has been tried to a jury on proper instructions, and the evidence is contradictory, this court will not disturb the verdict.

(Syllabus by Ames, C.)

*Error from Comanche County Court;*
*James H. Wolverton, Judge.*

Action by J. A. Chenoweth against Henry Oschner. Judgment for plaintiff, and defendant brings error. Affirmed.

*Amil H. Japp,* for plaintiff in error.

*H. C. Stubblefield,* for defendant in error.

Opinion by AMES, C. This action originated in a justice court, and was a suit for damages on account of the breach of a contract. The plaintiff claimed that the defendant had agreed to plow twenty acres of land, but only plowed twelve acres, and that the reasonable value of the service which he should have performed on the contract, but did not, was $20. The defendant claimed .that at the time the plaintiff wanted the land plowed the ground was too dry, and that he would have performed the contract at some later time. Evidence was offered by the parties tending to support and deny the respective contentions, and the jury, on proper instructions from the court, found in favor of the plaintiff.

The defendant also claims that the plaintiff secured some one else to do the work, and thereby rendered it impossible for him to perform the contract, and invokes the doctrine that when one of the parties to a contract makes performance impossible, the other party is discharged; but as this question is predicated on the defendant's evidence as to the time within which the contract was to be performed, and as the evidence of the plaintiff contradicted the defendant's on that point, and as the verdict of the jury rules the fact against the defendant, there is no room for the application of the principle of law, even if it would be applicable to such case.

Finding no error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.